IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JODY M. WAGNER,

                  OPINION and ORDER

      Plaintiff,

                    13-cv-439-bbc

  v.

KEN SCHREIBMAN, M.D.
and MATTHEW BACKER D.R.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In this proposed civil action, plaintiff Jody Wagner brings claims against defendants Ken Schreibman and Matthew Backer for medical problems he encountered arising from an allegedly unsanitary steroid injection. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made his initial partial payment as required by § 1915(b)(1).

   Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed the complaint, I conclude that plaintiff fails to state any federal claims against defendants, and

1

I decline to exercise supplemental jurisdiction over plaintiff's state law negligence claim.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff Jody Wagner is incarcerated at the Columbia Correctional Institution, located in Portage, Wisconsin. Defendant Ken Schreibman is a doctor at the University of Wisconsin Hospital, located in Madison. Defendant Matthew Backer is a student intern at UW Hospital.

On December 7, 2012, plaintiff was sent to the UW Hospital to receive a steroid injection in his hip. Defendant Backer performed the injection with defendant Schreibman supervising him; plaintiff's hip was marked and sterilized before the injection was performed. Plaintiff returned to the Columbia Correctional Institution. About five days later, plaintiff noticed "pain, redness, swelling and warmth to the touch and tenderness" in his hip, groin and thigh. Plaintiff states that "[]the symptoms of a severe bacterial infection became more and more evident and rapidly progressed over the course of the next ten days."

Plaintiff was sent back to the UW Hospital on December 22, 2012. Plaintiff told hospital staff that he had experienced pain, large areas of bruising and numbness throughout his right leg. Doctors suspected that plaintiff had developed cellulitis, a bacterial infection. Plaintiff received antibiotics, and the cellulitis receded after plaintiff spent ten days in the hospital.

OPINION

Plaintiff contends that defendants Schreibman and Backer "fail[ed] to exercise the degree of care and skill that a physician or surgeon of the same medical speciality would use under similar circumstances" in performing the steroid injection, leading to his bacterial infection. Unfortunately for plaintiff, his allegations do not raise claims over which this court may exercise jurisdiction.

Federal district courts are courts of limited jurisdiction. U.S. Const. art. III, § 2. Their subject matter jurisdiction is limited to actions raising questions under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and cases in which there is diversity of citizenship, 28 U.S.C. § 1332. Plaintiff does not allege that he and the defendants are citizens of different states and there is no reason to believe that diversity jurisdiction is present.

As far as federal claims go, prisoner medical claims are often considered under the Eighth Amendment, which has been interpreted to mean that prison officials have a duty to provide medical care to those being punished by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that defendants were "deliberately indifferent" to this need. Id. at 104.

A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious

if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, Gutierrez v. Peters, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). However, inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996). Thus, disagreement with a doctor's medical judgment, incorrect diagnosis or improper treatment resulting from negligence are insufficient to state an Eighth Amendment claim. Gutierrez, 111 F.3d at 1374.

Plaintiff alleges that the steroid injection he received led to a bacterial infection that required a ten-day hospital stay. Those allegations are sufficient to show a serious medical need. However, deliberate indifference is a different story. Plaintiff seems to believe that this is a case of negligence rather than deliberate indifference; in his complaint, he calls defendants' actions "[a]n instance of negligence or incompetence on the part of a professional" and suggests that defendants failed to follow sanitary standards. I agree with plaintiff; at most his allegations suggest that defendants acted negligently in administering the steroid injection. Because it cannot be reasonably inferred from plaintiff's allegations that defendants acted with deliberate indifference, plaintiff fails to state any constitutional

claims against defendants.

Because plaintiff has not stated a claim arising under federal law, I decline to exercise supplemental jurisdiction over his state law negligence claims. 28 U.S.C. § 1367(a) (district courts have supplemental jurisdiction over claims so related to claims in action that they form part of same case or controversy); see also Groce v. Eli Lilly & Co., 193 F.3d 496, 500 (7th Cir. 1999) (district court has discretion to retain or refuse jurisdiction over state law claims). If plaintiff wishes to pursue his state law claims against defendants he must do so in state court.

ORDER

IT IS ORDERED that

1. Plaintiff Jody Wagner's Eighth Amendment claim against defendants Ken Schreibman and Matthew Backer is DISMISSED for failure to state a claim upon which relief may be granted.

2. The court declines to exercise supplemental jurisdiction over plaintiff's state law negligence claim. That claim is DISMISSED WITHOUT PREJUDICE to plaintiff's refiling it in state court.

3. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust

fund account until the filing fee has been paid in full.

  4. The clerk of court is directed to enter judgment in favor of defendants and close this case.

  Entered this 6th day of September, 2013.

          BY THE COURT:

          /s/

          BARBARA B. CRABB
          District Judge